IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

ERIC NAVICKAS, et al.,

          Plaintiffs,

    v.

SCOTT CONROY, et al.,

          Defendants.

Case No. 1:10-cv-3004-CL

**ORDER**

**PANNER, District Judge:**

Magistrate Judge Mark D. Clarke filed a Report and
Recommendation (R&R), and the matter is now before this court.
See 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b). The R&R
recommends granting defendants' motion for summary judgment except
as to plaintiffs' claim that defendants are violating the National
Forest Management Act by failing to comply with soil erosion
requirements.

Because plaintiffs and defendants object to R&R, I have
reviewed this matter de novo. See 28 U.S.C. § 636(b)(1)(C);

1 - ORDER

<u>McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.</u>, 656 F. 2d
1309, 1313 (9th Cir. 1981). I adopt the R&R except as to the
recommendation that plaintiffs' motion for summary judgment be
granted on the soil erosion claim.

### DISCUSSION

Plaintiffs challenge the Ashland Forest Resiliency project
(the Ashland forest project), which is intended to reduce
hazardous fuel on about 7,500 acres of forest near Ashland.
Because decades of fire suppression have allowed dense vegetation
and other fuel to accumulate, the forest is at risk for a
catastrophic fire. The City of Ashland and the Nature Conservancy
have endorsed the Forest Service's proposed plan for carrying out
the Ashland forest project, as described in the Final
Environmental Impact Statement (FEIS) and Record of Decision
(ROD).

### I.  Plaintiffs' Soil Erosion Claim

Plaintiffs claim the Ashland forest project violates the
National Forest Management Act by failing to comply with soil
erosion standards set by the Rogue River National Forest Land and
Resource Management Plan (the Rogue River Forest Plan).
Plaintiffs contend that where the Rogue River Forest Plan
designates land as Restricted Watershed and Restricted Riparian,
the Ashland forest project would allow too much soil exposure,
leading to erosion. The R&R recommends granting plaintiffs'
motion for summary judgment on this claim only.

Defendants do not challenge the R&R's conclusion that the

2 - ORDER

Ashland forest project must comply with the soil exposure standards in the Rogue River Forest Plan. See R&R at 44. Defendants argue instead that the Ashland forest project, which has been ongoing since early 2010, has not, and will not, violate the soil exposure standards.

To support their objections, which apply to this portion of the R&R only, defendants submit a third declaration from Donald Boucher, who manages the Ashland forest project. The declaration was filed after Magistrate Judge Clarke issued the R&R.

Plaintiffs move to strike the Boucher declaration. When reviewing an R&R, the district court may receive additional evidence. 28 U.S.C. § 636(b)(1). The Boucher declaration describes the actual impact of the Ashland forest project on the areas at issue in plaintiffs' soil erosion claim. The ROD for the Ashland forest project provides that "implementation monitoring" will determine whether the project is complying with soil coverage requirements. Because the third Boucher declaration is relevant to plaintiffs' soil erosion claim, I deny plaintiffs' motion to strike.

Boucher states that on land the Rogue River Forest Plan designates as Restricted Watershed, the Forest Service has not conducted any project activities. Furthermore, the Forest Service, in agreement with the City of Ashland and the Nature Conservancy, has decided not to conduct any future activities on land designated as Restricted Watershed.

Boucher states that on land designated as Restricted

3 - ORDER

Riparian, logging will be by helicopter only, causing minimal impact on soil. To the extent that helicopter logging exposes soil, the Forest Service will promptly cover the area with slash. Defendants state that this technique, called "lop and scatter" mitigation, has been effective in other parts of the Ashland forest project. Defendants note that the FEIS for the Ashland forest project discusses the use of lop and scatter mitigation.

Plaintiffs contend defendants are improperly attempting to alter the Ashland forest project without formally amending the FEIS or ROD. I disagree. Here, the ROD itself allows "[m]inor changes . . . during implementation (adaptive management) to better meet on-site resource management and protection objectives." AR 7846 (quoted in Defs. Resp. to Mot. to Strike at 4). This court has noted that adaptive management can "provide the agency with the flexibility to respond to on-the-ground circumstances when they arise." Or. Natural Desert Ass'n v. BLM, 2011 WL 5830435, at *18 (D. Or. 2011) (King, J.) (citing Theodore Roosevelt Conservation P'ship v. Salazar, 616 F.3d 497, 517 (D.C. Cir. 2010) ("Allowing adaptable mitigation measures is a responsible decision in light of the inherent uncertainty of environmental impacts"); W. Watersheds Project v. Salazar, 766 F. Supp. 2d 1095, 1110-12 (D. Mont. 2011) (adaptive management described as the "unremarkable notion that resource managers should evaluate the results of their efforts and adjust")). In this case, the Forest Service used adaptive management in deciding to forego all project activities on Restricted Riparian land, and

to mitigate soil exposure with slash on Restricted Watershed land. These are not such dramatic alterations to the Ashland forest project that defendants must formally amend the FEIS and ROD. Cf. Klamath Siskiyou Wildlands Center v. Boody, 468 F.3d 549, 558 (9th Cir. 2006). I conclude that defendants are entitled to summary judgment on plaintiffs' soil erosion claim.

## II.  The R&R Is Otherwise Adopted

I otherwise adopt the R&R, which correctly and carefully analyzes plaintiffs' remaining claims.

### CONCLUSION

Magistrate Judge Clarke's Report and Recommendation (#78) is adopted in part and not adopted in part. Plaintiffs' motion for summary judgment (#42) is denied. Plaintiffs' motion to strike (#64) is denied as to Exhibit A and granted as to Exhibit B. Defendants' cross-motion for summary judgment (#53) is granted. Plaintiffs' motion to strike (#91) the Third Boucher Declaration (#85) is denied.

IT IS SO ORDERED.

DATED this __2/__ day of February, 2013.

OWEN M. PANNER
U.S. DISTRICT JUDGE