IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

ERIC NAVICKAS and JAY LININGER,                    Case No. 1:10-cv-03004-CL

          Plaintiffs,

                                          REPORT & RECOMMENDATION

        v.

SCOTT CONROY, Forest Supervisor of the Rogue
River-Siskiyou National Forest, and UNITED
STATES FOREST SERVICE, a federal agency,

          Defendants.

_____

CLARKE, Magistrate Judge.

This case is on remand from the United States Circuit Court of Appeals for the Ninth

Circuit. The parties agree that judgment should be entered. Plaintiffs have filed a Motion for

Partial Vacatur (#102), and the defendants have filed a Motion to Remand without Vacatur

(#107). The issue before the Court is whether to remand with or without vacating the portion of

the Ashland Forest Resiliancy ("AFR") project that the Ninth Circuit found was not in

compliance with the National Forest Management Act ("NFMA"). For the reasons below,

Defendants' motion (#107) and Plaintiffs' motion (#102) should be GRANTED in part and

DENIED in part, and the case should be remanded to the agency with partial vacatur.

## BACKGROUND

Plaintiffs Eric Navickas and Jay Lininger (collectively "Navickas") brought this actions against Scott Conroy and the United States Forest Service, (collectively, "Forest Service") alleging violations of the NFMA and NEPA in the Forest Service's analysis and adoption of the AFR project.  The district court granted summary judgment in favor of the Forest Service, and Navickas appealed.   On appeal, the Ninth Circuit reversed in part and affirmed in part.  The Court found that the district court abused its discretion in admitting a supplementary declaration from Donald Boucher because the declaration did not satisfy any of the four narrow exceptions to the general rule against supplementation of the administrative record.  The Court concluded that the Forest Service violated the NFMA in approving the AFR project because a table in the Final Environmental Impact Statement indicated that the project would exceed the LRMP's soil exposure standards for MS-26 and MS-22 lands.  The Court reversed the district court on this claim, and affirmed summary judgment for the Forest Service on all other claims.

## DISCUSSION

Under the APA, an agency action held to be unlawful is ordinarily set aside and remanded to the agency. 5 U.S.C. § 706(2); Fla. Power & Light Co. v. Lorion, 470 U.S. 729, 744 (1985) ("the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation").  However, a court "is not required to set aside every unlawful agency action." National Wildlife Federation v. Espy, 45 F.3d 1337, 1343 (9th Cir.1995).  Whether a court should grant injunctive relief under the APA is "controlled by principles of equity." Id. (citing Westlands Water Dist. v. Firebaugh Canal, 10 F.3d 667, 673 (9th Cir.1993); Sierra Pacific Industries v. Lyng, 866 F.2d 1099, 1111 (9th Cir.1989)).  "When equity demands, [a flawed action] can be left in place while the agency follows the necessary

procedures to correct its action." Cal. Cmtys. Against Toxics v. EPA, 688 F.3d 989, 992 (9th Cir.2012) (quoting Idaho Farm Bureau Fed'n v. Babbitt, 58 F.3d 1392, 1405 (9th Cir.1995) (internal quotation marks omitted)); Nat'l Wildlife Fed'n v. Nat'l Marine Fisheries Serv., 839 F.Supp.2d 1117, 1128 (D.Or.2011) ("District courts have 'broad latitude in fashioning equitable relief when necessary to remedy an established wrong,' and sometimes equity requires an invalid agency action to remain in place while the agency revisits the action"). "Whether agency action should be vacated depends on how serious the agency's errors are 'and the disruptive consequences of an interim change that may itself be changed.'" Id. (quoting Allied–Signal Inc. v. U.S. Nuclear Regulatory Comm'n, 988 F.2d 146, 150–51 (D.C.Cir.1993)).

Therefore, "although vacatur is presumptively appropriate, this court has equitable discretion to tailor relief in response to an agency's errors." Native Fish Soc. v. Nat'l Marine Fisheries Serv., 2014 WL 1030479, at *3 (D.Or. Mar. 14, 2014). "In evaluating whether vacatur is appropriate, the court first determines how serious the agency's errors were, and second, what the disruptive consequences of vacatur would be." Id.

First, the agency's errors in this case stem from the project's potential to exceed LRMP soil exposure standards. Table III-15 of the project's Final Environmental Impact Statement (FEIS) indicates that project activities will exceed the standards in the first year of implementation for MS-22 lands in the "very high or very severe" erosion hazard class, as well as all MS-26 standards for both the first and the second year of implementation.

**MS-22 Lands**

The plaintiffs argue that the errors contained in the FEIS were serious and substantive, not merely procedural. However, the project is now four and a half years into implementation, and there is no indication that the soil exposure in any of the areas at issue has exceeded the

LRMP thresholds. After the Ninth Circuit's decision, the Forest Service undertook a re-examination of the NFMA and implemented adaptive management measures to ensure soil standards continue to be met on MS-22 lands. The Court agrees with the plaintiffs that the errors were substantive, in the sense that the violation by the Forest Service indicated that the project could have caused actual harm by exceeding the soil exposure standards set by the NFMA. However, the actual effects of the errors have been minimal if not completely non-existent in the four years since implementation. The Forest Service took the necessary steps to correct the problem and explained its methodology for ensuring compliance. Even though the plaintiffs take issue with the agency's "lop-and-scatter" technique, this was a technique contemplated by the plan, and it is not inconsistent with the plan objectives. There is no evidence that the portions of the FEIS pertaining to those MS-22 lands needs to be vacated in order to address concerns about soil exposure, when the agency is actively addressing those concerns and will continue monitoring to ensure compliance.

Second, the Court must consider whether vacatur could result in disruptive consequences. Plaintiffs argue that the vacatur requested is limited and narrowly tailored to the appropriate subsections of the plan that is not in compliance with the soil erosion standards, and therefore will not result in disruptive consequences. The Forest Service claims that vacatur will disrupt the project's goals of protecting the city's water supply, protecting the late-successional and old-growth ecosystems, reducing hazardous fuels, reducing crown fire potential, and obtaining conditions that are more resilient to fires. The agency argues that the errors have been corrected with a less-disruptive solution, which has already been implemented.

The Court agrees with the Forest Service. While the agency did fail to comply with the soil erosion standards, the consequences of vacatur would be more disruptive than the seriousness of the harm actually resulting from the error.

**MS-26 Lands**

As for the MS-26 lands, the Forest Service indicates that it "has not and will not undertake any treatments in these areas," and the agency argues, therefore, vacatur is unnecessary. Clearly, if the MS-26 lands will not be treated, then the seriousness of the errors will be non-existent on these lands. However, in that case, it is equally true that vacatur should not have any disruptive effect whatsoever. Because vacatur is presumptively appropriate, as discussed above, and the Forest Service has not shown that it will have any disruptive effect, the Court agrees with the plaintiffs on this issue. The portions of the FEIS relating to treatments of the MS-26 lands at issue should be vacated.

## RECOMMENDATION

For the reasons stated above, plaintiffs' motion (#102) should be GRANTED in part and DENIED in part, and defendants' cross motion (#107) should be GRANTED in part and DENIED in part. Judgment should be entered, and the case should be remanded to the Forest Service with an order vacating the portion of the Final Environmental Impact Statement pertaining to the MS-26 lands that would exceed the soil exposure standards, if treated.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The Report and Recommendation will be referred to a district judge. Objections to this Report

and Recommendation, if any, are due by September 25, 2012. If objections are filed, any

response to the objections is due by October 12, 2012. See FED. R. CIV. P. 72, 6.

DATED this ___ day of January, 2015.

MARK D. CLARKE
United States Magistrate Judge